## NATIONAL MUT. ACC. INS. CO. v. LOVELL.

### No. 3121.

Court of Civil Appeals of Texas. Beaumont.

April 29, 1937.

Simmons & Arnold, of Houston, and Sanders & McLeroy, of Center, for appellant.

Davis, Avery & Wallace, of Center, for appellee.

WALKER, Chief Justice.

This suit was originally filed in justice court by appellee, W. C. Lovell, Jr., against appellant, National Mutual Accident Insurance Company, to recover $150 for total disability under the provisions of the policy for two months at $75 per month. Appellant answered that under certain conditions of the policy covering appellee's

304

claim it was liable for only $37.50 per month. In justice court, appellee pleaded orally that by agreement with the agent his coverage was to be $75 per month, and that a policy to that effect was delivered to him. Appellee recovered in justice court; on appeal to county court he again recovered $150.

The only point presented by the appeal is that appellant pleaded a new cause of action in county court. He pleaded that a "rider" was attached to his policy allowing him $75 per month. That contention is not supported by the facts. In justice court, appellee pleaded that his policy gave him a coverage of $75 per month. In county court, he pleaded that this coverage was evidenced by a rider attached to the policy. The following statement by appellee, which we adopt, supports the judgment appealed from:

"The entire record will disclose, and we state it as a fact to your honors, knowing the danger of taking an untenable position before this court, that no objection was ever made by appellant below to the pleadings of the rider, nor the evidence thereon, on the grounds that the same set up a new cause of action in the county court, neither was the court ever required to rule on the same, neither did the court ever rule on such objection, neither was an exception saved on such ruling."

Affirmed.